Herbert, J.
The appellants’ assignments of error may be summarized as follows:
(1) The Court of Appeals erred in holding that said indictments set out sufficient facts to constitute, or state, an offense under Section 2915.11, Revised Code, or, in other words, that the reversal by the Court of Appeals of the judgments of the Court of Common Pleas sustaining the demurrers, was prejudicial error.
(2) Section 2915.11, Revised Code, as to these appellants, *484 violates the due process clause of the Fourteenth Amendment to the Constitution of the United States and also the due-course-of-law clause of Section 16, Article I of the Constitution of the state of Ohio, “for the reason that Section 2915.11, Revised Code, purports to impose an absolute criminal liability upon one who manufactures or prints a triplicate pad which can be used for many purposes, including the recording of retail sales and also can be used in connection with ‘policy’ and ‘numbers game’ without reference to the guilty knowledge (scienter) or guilty purpose (mens rea) on the part of a person who manufactures or prints such a ticket, order or device. ’ ’
Section 2915.11 of the Revised Code, in its pertinent part, provides:
“No person shall manufacture, print, vend, sell, barter, or dispose of a ticket, order, or device for or representing a number of shares or an interest in a scheme of chance known as ‘policy,’ ‘numbers game,’ ‘clearing house,’ or by words or terms of similar import, located in or to be drawn, paid, or carried on within or without this state.”
The indictment of the corporate appellant, Lisbon Sales Book Company, is in this language:
“* * * did manufacture and print a certain ticket, order, or device for or representing an interest in a scheme of chance known as ‘policy’ and/or ‘numbers game’ contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.”
The remaining appellants are charged in the same language as above quoted in a first count, and there is also charged against each of the remaining appellants a second count, as aiders and abetters. The disposition of the demurrer to the indictment against the corporate appellant will dispose of the demurrers to the indictments against the remaining individual appellants.
Turning to the first assignment of error it is recognized that an indictment charging an offense is sufficient if it is in the words of the statute describing the offense or declaring the matter charged to be a public offense. Section 2941.05, Revised Code; State v. Childers, 133 Ohio St., 508; State v. Yudick, 155 Ohio St., 269.
*485 Section 2941.30, Revised Code, confers broad powers and discretion upon a court to amend an indictment “at any time before, during, or after trial.” The indictment here follows the wording of the statute in charging the offense. The courts below do not question this conclusion. The trial court in its opinion (88 Ohio Law Abs., 208, 215) overruling the motion to quash and sustaining the demurrer to the indictment said:
‘ ‘ The indictment follows the statute, as is perfectly proper for an indictment to do * * *.”
If the statute, Section 2915.11, Revised Code, is constitutional, it follows that the indictment states facts sufficient to charge the offense.
The answer to the second assignment of error is dispositive of the issues in this case. The appellant complains that its constitutional rights are being violated, that the indictment is fatally defective because it is not alleged that appellant “knowingly” (scienter) committed any offense, and/or that it had a guilty purpose (mens rea) in printing certain tickets, etc. 28 Ohio Jurisprudence (2d), 443 et seq., Section 37, states the following :
“It is a well settled principle of law that guilty knowledge on the part of the accused need be averred only when it is an essential element of the offense charged. If guilty knowledge is a necessary element of a crime a failure to aver it is not cured by any statutory provision. If a statute or ordinance makes it a part of the description of an offense, it must be averred.
‘ ‘ On the other hand, if guilty knowledge is presumed it need not be averred, and it has been said that all men are presumed to have that knowledge of language, men, and things which commonly prevails. So too, as a general rule, where a statute or ordinance is silent as to the defendant’s knowledge, the indictment or other accusation need not allege guilty knowledge. * * *
“The nature of an offense may be such that when it is charged specifically, the charge will contain within its terms an averment of knowledge. For instance, charges of concealing stolen goods and keeping a disorderly house have been held sufficient allegation of scienter, since a person could not have ‘stolen’ goods, or ‘keep a disorderly house’ without knowledge thereof.”
*486 For over 150 years the people of Ohio have declared through Section 6, Article XV, Ohio Constitution, that “lotteries, and the sale of lottery tickets, for any purpose whatever, shall forever be prohibited in this state. ’ ’
Policy, numbers game and similar gambling activities are in the nature of lotteries. Lotteries have long been condemned in the state of Ohio, and even the General Assembly is without power to legalize them either directly or indirectly. City of Columbus v. Barr, 160 Ohio St., 209; Troy Amusement Co. v. Attenweiler, 64 Ohio App., 105; Kraus v. City of Cleveland, 89 Ohio App., 504; and Zepp v. City of Columbus, 66 Ohio Law Abs., 4.
State v. Healy, 156 Ohio St., 229, in the second paragraph of the syllabus, states:
“A statute defining an offense, which is silent on the question of intent, thereby indicates the purpose of the General Assembly to make proof of a specific intent unnecessary, and, therefore, proof of a general intent to do the proscribed act is sufficient; there are no common-law crimes and no common-law criminal procedure in Ohio. (State v. Huffman, 131 Ohio St., 27, approved and followed.) ”
The second paragraph of the syllabus of State v. Morello, 169 Ohio St., 213, is as follows:
“Under Section 4301.22 (B), Revised Code, making an offense the sale of intoxicants to an intoxicated person, which statute makes no reference to scienter, it is not necessary in order to obtain a conviction to prove that the accused knew that the person to whom he is charged with having sold intoxicants was intoxicated, where the means of such knowledge were available to the accused or the common good imposed a duty upon him to obtain it. (The ninth paragraph of the syllabus of Miller v. State, 3 Ohio St., 475, overruled.)”
The language of the indictment in the case at bar in its terms descriptive of the offense, in substance, alleges knowledge. The words in the indictment to wit, “did # # * print a certain ticket * * * representing an interest in a scheme of chance known as ‘policy’ and/or ‘numbers game’ contrary to the form of the statute * * certainly advise the appellant that it is violating the law.
*487 22 Corpus Juris Secundum, 100, Section 30, reads as follows in its pertinent part:
“A criminal intent or guilty knowledge is an essential element of a crime defined by statute where expressly or impliedly required by the statute, and in various instances statutes have made criminal intent or guilty knowledge an essential ingredient of the offense defined, as where it requires the act to be done ‘knowingly,’ etc.
“On the other hand, a criminal intent or guilty knowledge is not always necessary to constitute a crime, since conduct alone without regard to the intent of the doer may be sufficient. The Legislature may forbid the doing of, or the failure to do, an act and make its commission or omission criminal without regard to the intent or knowledge of the doer, and if such legislative intention appears the courts must give it effect, although the intent of the doer may have been innocent, or at least it may do so with respect to offenses malum prohibitum. In such cases, the doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt.”
We are asked to find that Section 2915.11, Revised Code, violates both the federal and state Constitutions. A review of the authorities casts substantial doubt upon appellant’s claim, and it must be denied. A legislative act is presumed to be valid. State, ex rel. Dickman, a Taxpayer, v. Deffenbacher, Dir., 164 Ohio St., 142; City of Xenia v. Schmidt, 101 Ohio St., 437; State, ex rel. King, Pros. Atty., v. Sherman, Aud., 104 Ohio St., 317; and State, ex rel. City of Columbus, v. Ketterer, 127 Ohio St., 483.
In State, ex rel. Ely, Cotrustee, v. Brenneman, Judge, 176 Ohio St., 311, 313, appears the following:
“Before this, or any other court in Ohio, may hold that an enactment of the General Assembly is unconstitutional, such infirmity must appear beyond a reasonable doubt. State, ex rel. Dickman, v. Deffenbacher, supra.”
Recognizing that the judgment in this cause, at this time, is not or may not be final, but that a trial on the merits will probably follow, we hold that the General Assembly was well *488 within constitutional boundaries in the enactment of Section 2915.11, Revised Code.
Therefore, the judgment of the Court of Appeals is affirmed.

Judgments affirmed.

Zimmerman, Matthias, O’Neill and Griffith, JJ., concur.
Taft, C. J., and Gibson, J., dissent.