THE STATE OF OHIO v. MAXWELL.

(No. 78-5-TRD-117—Decided September 29, 1978.)

Miamisburg Municipal Court.

*Mr. Gerald E. Gunnoe*, prosecuting attorney.
*Mr. Joseph Walker*, for defendant.

SHELL, J. The facts in this case are that Officer Norton of the Miami Township police charged the defendant Richard J. Maxwell with reckless operation of a motor vehicle. The testimony presented by Officer Norton, who was the only witness for the State of Ohio, is that on the 5th day of May of 1978, at approximately eleven o'clock a. m., while Officer Norton was off duty, he observed the defendant westbound on State Route 725 in Miami Township, Montgomery County. The testimony of the officer indicates that he followed the defendant or was in front of the defendant for a period of approximately two and a half to three miles. A portion of his observation of the defendant occured in Miami Township and a portion of his observation occurred in the City of Miamisburg. All of the observations were made while traveling on State Route 725. The defendant was observed cutting in and out of lanes. The defendant on one occasion cut in front of the officer which caused Officer Norton to apply his brakes and swerve to the left to avoid hitting the defendant. The officer observed several people being forced or cut off by the defendant. The defendant was traveling in excess of eighty miles per hour in a convertible with six people in the car while traveling in a forty-five mile an hour zone.

The township officer and the defendant stopped in the City of Miamisburg to await the passage of a train. The officer alighted from his personal vehicle and approached the defendant. The officer admits that he was off duty, out of uniform, and in his own personal vehicle. The officer walked to the vehicle of the defendant and identified himself as Patrolman Norton of the Miami Township Police Department. The officer asked the defendant to come to the Miami Township Police Department on the following day and he would be issued a citation for reckless operation. The defendant did appear at the Miami Township Police Department on the following day and was issued a citation for reckless operation. The defendant did not take the stand

nor did he present any evidence on his behalf. The defendant was not represented by counsel at trial but subsequently retained counsel for the purpose of arguing the motion.

The matter comes before the court for argument today on the motion to dismiss by defense counsel. The defense asserts the following reasons for dismissal:

First, that under R. C. 4513.39, the Miami Township Police Officer has no authority to make a traffic citation or traffic stop for an offense arising on a state highway.

Second, the township officer had no authority to testify. He was not competent to testify because he was out of uniform and not in a distinctively marked car, a requirement set forth in R. C. 4549.13 through 4549.16.

Third, the township officer was off duty and only came on duty as an officer at the point in time that he began to effectuate the issuing of a citation.

Fourth, the issuing of a citation and a confiscation of the defendant's drivers license in effect constituted an arrest.

Fifth, the officer, by stopping the individual and requiring the individual to report to the township police department the following day, placed the defendant under the will and control of the police officer to such an extent that the defendant was under arrest.

The prosecution asserts as a first argument that the issuance of a traffic citation to appear in court does not constitute an arrest.

Second, R. C. 4549.13 requires a marked car for making arrests and since there was no arrest, the applicability of the incompetency to testify does not apply.

Third, the prosecution asserts the fact that Officer Norton was not on duty; therefore was not in the exclusive purpose of maintaining traffic control and hence R. C. 4549.13 through .16 do not apply.

The prosecution asserts that in *Columbus* v. *Stump* (1974), 41 Ohio App. 2d 81, a conclusion was made by the court that a police officer engaged in other assignments for the police department would not be barred from testifying if he were in plain clothes and made a traffic stop.

The prosecution asserts that *Dayton* v. *Adams* (1967), 9 Ohio St. 2d 89, does not apply because Officer Norton was off duty. In the *Dayton* case there was a marked and an unmarked car running a speed trap.

The prosecution argues that the defendant's objection to the testimony of Officer Norton was not made in timely fashion and did not object to the testimony being made until after the testimony had already been given and received by the court.

The defense has cited by reference R. C. 4513.39. In the defendant's argument on this branch of the motion, the defendant stated that the alleged reckless operation took place in Miami Township solely. The testimony, however, indicates that the reckless nature of the defendant's driving took place both in Miami Township and in the City of Miamisburg. R. C. 4513.39 states that the State Highway Patrol and sheriffs or their deputies shall exercise, to the exclusion of all other peace officers, the power to make arrests, for violation on all state highways of certain sections of the Ohio Revised Code. R. C. 4511.20 is included in that exclusive jurisdiction given to the State Highway Patrol and sheriff's deputies. The statute does permit the township officer the authority to arrest for R. C. 4511.20 violations in a municipality if the municipality is part of the township. The City of Miamisburg is a part of Miami Township. The facts here indicate that the township officer could not have made an arrest for any reckless operation that he observed on State Route 725 prior to the defendant entering into the City of Miamisburg, but the township officer could make an arrest for reckless operation in the municipality of the City of Miamisburg. See *State* v. *Holbert* (1974), 38 Ohio St. 2d 113, at pages 116-117, and at pages 118-119.

The police officer here admits that he was not on duty at the time the officer observed the offense taking place. The court is of the opinion that an officer is not on twenty-four hours a day duty but may by his actions act as a police officer. It is the opinion of the court that the township officer came on duty for the specific purpose of a traffic of-

ficer at the point in time that he began to act like a police officer and exercise his power as a police officer.

The defense has indicated that R. C. 4549.13, .14, .15 and .16 have applicability in this case. These statutes indicate that if the police officer is on duty and exercising his power as a police officer to exclusively work traffic control, that being his main purpose of enforcing motor vehicle or traffic laws, then these four sections would apply and the police officer would be incompetent to testify if he were not in uniform and in a marked vehicle. The police officer, by his own admission, was not in uniform and was not in a marked police cruiser. Therefore, the police officer was not capable and is not permitted by statute to offer competent testimony in any traffic offense in which he was an *arresting* officer or participating officer in the *arrest* of an individual charged with a traffic violation.

The next question is, "Was the defendant placed under arrest so as to apply Sections 4549.14 and .16 of the Ohio Revised Code?" The court is of the opinion that a sufficient restraint was placed on the liberties of the defendant so as to cause an arrest of the defendant. The more traditional arrest and taking of the defendant to the police department for photographs and booking did not take place in this case, but the defendant was ordered by the police officer to report to the township police department to receive a citation on the following day. The defendant was placed under the will and control of the police officer by ordering him to appear the following morning at the police department. The defendant's liberties were restrained by the police officer by ordering the defendant to appear the following morning. But for the order of the police officer, the defendant would have been free to go his own way and not make an appearance in court at any time to answer these specific charges. See *State* v. *Holbert, supra,* at page 120, dissenting opinion.

The arresting officer cited the defendant to appear in court on a regular uniform traffic citation form. This form is not notarized. There would be nothing that would have prevented the arresting officer from acting as a private

citizen in this matter and making a filing against the defendant in this matter based upon the same set of facts. A private citizen may effectuate a traffic arrest, under R. C 2935.09, if the matter is first submitted to the prosecutor for his approval and upon proper notorization of the alleged facts by the complainant, the defendant may then be ordered to appear before the court and answer the charges of said traffic citation. This, however, was not done in this case. Inasmuch as the arresting officer was off duty, not in uniform, and in his private vehicle, it would have been appropriate for the officer to file a complaint as a private citizen. It is not that this officer or police officers in general would abuse their authority, but it would appear that the purpose of R. C. 4549.13 through 4549.16 is to protect a law abiding public against unreasonable methods of the enforcement of traffic laws.

The prosecution here asserts that the defendant did not object to the testimony of the arresting officer when it was given on direct examination. The court is aware of the fact that the defendant was not represented by counsel at the trial. The defendant at the close of the plaintiff's testimony did raise the argument of competency on the part of the arresting officer because of the arresting officer's failure to appear in uniform and in a marked car. The court is of the opinion that the defendant did make a timely objection. Therefore, the prosecution's argument is not well taken.

The court therefore finds that the motion of the defendant is well taken and will dismiss the traffic charge against the defendant based upon the fact that the prosecution did not offer competent testimony to testify against the defendant in this case.

The motion is well taken and the case against the defendant is dismissed.

*Case dismissed.*