CITY OF CLEVELAND, APPELLEE, *v.* WINCHELL, APPELLANT.

---

(No. 43552—Decided December 10, 1981.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Bryan J. Fritz,* for appellee.

*Mr. Bruce M. Winchell, pro se.*

MARKUS, J. Defendant-appellant, Bruce M. Winchell, was convicted of speeding, a violation of Section 433.03 of the Cleveland Codified Ordinances. On this appeal, he contends that the charge should have been dismissed because the form of the traffic ticket deviated from the Ohio Uniform Traffic Ticket mandated by the Supreme Court's Traffic Rules.[1] We find that there were variances between the traffic ticket issued to defendant and the Ohio Uniform Traffic Ticket, but defendant has failed to demonstrate how those irregularities prejudiced him. Therefore, we affirm the Cleveland Municipal Court's judgment.

The Uniform Traffic Ticket, exemplified in the Ohio Traffic Rules Appen-

---

[1] Defendant asserts the following assignments of error:

1. "The trial court erred in overruling appellant's motion to dismiss the ticket because the ticket fails to comply with the forms prescribed and mandated by the Ohio Traffic Rules and the Ohio Revised Code."

2. "The trial court erred in its failure to state on the record, its findings of fact and reasons for overruling appellant's motions to dismiss as specifically requested by appellant."

dix pursuant to Traf. R. 21, is the mandatory form of complaint for traffic cases in all Ohio courts. See *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215 [9 O.O.3d 368]. The Ohio Traffic Rules were promulgated by the Ohio Supreme Court under authority granted by R.C. 2935.17 and 2937.46. R.C. 2935.17 provides in part:

"* * * [T]he supreme court of Ohio may, by rule, provide for the uniform type and language to be used in any affidavit or complaint to be filed in any court inferior to the court of common pleas for violations of the motor vehicle and traffic acts and related ordinances and in any notice to violator to appear in such courts, and may require that such forms and no other, shall be received in such courts, and issued to violators."

Traf. R. 1(A), 3(A) and 21 indicate the Supreme Court's intention to make the Uniform Traffic Ticket exclusive and mandatory in traffic cases. Traf. R. 1(A) provides in part:

"These rules prescribe the procedure to be followed in all courts of this state in traffic cases * * *."

Traf. R. 3(A) and 21, respectively, provide:

"In traffic cases the complaint and summons shall be the 'Ohio Uniform Traffic Ticket' as set out in the Appendix of Forms."

"The forms contained in the Appendix of Forms are mandatory, * * *."

When we compare the Ohio Uniform Traffic Ticket with the ticket issued to defendant, it is apparent that substantive variations cited by defendant do exist.

The ticket issued by the city of Cleveland significantly differs from the Ohio Uniform Traffic Ticket in the following respects. The Cleveland ticket provides space for citation on a parking violation and space for a notation about use of seat belts; the Ohio Uniform Traffic Ticket has neither. The Cleveland ticket contains a detailed schedule of fines for offenses processed by a violations bureau; the Ohio Uniform Traffic Ticket advises where that information can be obtained. The Cleveland ticket states that a defendant's personal appearance may be required due to "unusual circumstances"; the Ohio Uniform Traffic Ticket calls for a court appearance only when the offense cannot be processed by a violations bureau. The Cleveland ticket does not contain information found in the Ohio Uniform Traffic Ticket relating to deposits to secure personal appearance. The Cleveland ticket adds three offenses to the list of violations which cannot be processed by a violations bureau. It replaces the provision in the Ohio Uniform Traffic Ticket that violations bureau dispositions may be accomplished within seven days of the ticket's issuance, with a provision allowing waivers to be paid up to one week before the scheduled court date. The Cleveland ticket requires that fines be paid by certified check, while the Ohio Uniform Traffic Ticket permits payment with a regular check. Finally, unlike the Ohio Uniform Traffic Ticket, the Cleveland ticket does not provide for the signature of the individual accepting payment of fines and costs.[2]

Since the Cleveland traffic ticket contains significant variations from the content prescribed for tickets by the Ohio Traffic Rules, it is subject to attack by a motion to dismiss pursuant to Traf. R. 11(B), as an improper form of complaint.[3]

---

[2] The Cleveland ticket also differs from the Ohio Uniform Traffic Ticket in the size of type used, the arrangement of some material on the form, and occasional changes in phrases used. It is difficult to perceive how such non-substantive changes could be prejudicial in any case.

[3] Traf. R. 11(B) provides in part:

"Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before plea or trial by motion."

Accordingly, a charge contained in such a traffic ticket should be dismissed on motion by a defendant who has been prejudiced by the city's failure to comply with the mandated form. The defendant in this case, however, has failed to establish any prejudice resulting from the city's failure to use the Ohio Uniform Traffic Ticket.

Absent a showing by defendant that the city's failure to use the prescribed ticket prejudiced his right to know the nature and cause of the accusation against him, or his ability to defend against that accusation, the complaint was not defective nor invalid. Cf. *State* v. *Oliver* (1972), 32 Ohio St. 2d 109 [61 O.O.2d 371]. Since this defendant has failed to establish that the variances prejudiced any of his substantial rights, the variances must be disregarded as harmless for this case. Crim. R. 52.[4]

Defendant was charged in the "ticket" complaint with exceeding the posted speed limit in violation of Section 433.03 of the Cleveland Codified Ordinances. The complaint stated the section number of the ordinance allegedly violated, the speed at which defendant was allegedly traveling, the device used to measure his speed, and the time, place and road conditions of the alleged offense. Thus, the complaint was sufficient to advise defendant of the nature and cause of the accusation against him. *State* v. *Thomas* (1980), 61 Ohio St. 2d 223 [15 O.O.3d 234]; *State* v. *Oliver, supra.* None of the variations from the Ohio Uniform Traffic Ticket acted to prevent the complaint from providing this information.

None of these variances otherwise adversely affected defendant. He was not prejudiced with respect to the deposit of security, since none was requested or deposited; nor was he prejudiced with respect to the processing and disposition of the offense by a violations bureau, since he chose to go to trial. Similarly, inclusion on the form of the schedule of fines imposed by a violations bureau for various offenses did not prejudice defendant. Provisions for notations about illegal parking and the use of seat belts were not prejudicial, since they are in no way related to the offense charged. Simply asserting that the form of the complaint used is improper and that it may possibly act to prejudice others is insufficient to permit dismissal of the charges against this defendant.

Defendant next contends that the trial court erred by failing to state its reasons for overruling the motion to dismiss and its findings of fact related to that ruling.

Traf. R. 11(E) states in part:

"* * * Where *factual issues* are involved in determining a motion, the court shall state its essential findings on the record." (Emphasis added.)

*State* v. *Messenger* (1976), 49 Ohio App. 2d 341 [3 O.O.3d 416], and other cases relied upon by defendant to support his proposition, require a court to state its findings of fact so a reviewing court may adequately review a trial court's ruling on a speedy trial motion involving complicated factual issues.[5] In this case, the court was not required to make any fac-

---

[4] Crim. R. 52(A) provides:

"Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

Crim. R. 1(C) does not prevent application of Crim. R. 52 in traffic cases. Criminal Rule 1(C) provides in part:

"These rules, *to the extent that specific procedure is provided by other rules of the supreme court or to the extent that they would by their nature be clearly inapplicable,* shall not apply

to procedure * * * (3) in cases covered by the Uniform Traffic Rules, * * *." (Emphasis added.)

The Ohio Traffic Rules do not provide any specific procedure to supplant Crim. R. 52(A), nor can it be said Crim. R. 52(A) is clearly inapplicable to a challenge of the complaint in a traffic case.

[5] See *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171; *State* v. *Reed* (1977), 54 Ohio App. 2d 193.

tual determination to rule on defendant's motion to dismiss. It was necessary only that the court determine whether the language contained in the complaint prejudiced any of defendant's substantial rights. Consequently, the trial court was not required to state on the record any findings of fact or reasons involved in its ruling.

For the foregoing reasons, the judgment of the Cleveland Municipal Court is affirmed. In so ruling, we do not pass on the availability of other remedies to challenge the propriety of the Cleveland traffic ticket, such as mandamus to compel compliance with the Ohio Traffic Rules or proceedings to cite appropriate officials for contempt of the Supreme Court.[6]

*Judgment affirmed.*

PATTON, P.J., and CELEBREZZE, J., concur.

---

[6] Traf. R. 24(B) permits use of tickets conforming to prior rules until the supply on hand is exhausted. Many but not all of the variances described in this opinion are consistent with earlier forms. See Rules of Practice and Procedure in Traffic Cases for All Courts Inferior to Common Pleas, 24 Ohio St. 2d xix, at xxvii-xxxvi (effective Jan. 4; 1971); Ohio Traffic Rules, 40 Ohio St. 2d xvii, at xxxi-xxxvi (effective Jan. 1, 1975). The present Traffic Rules were made effective August 4, 1980, and the record here does not reveal whether the ticket issued to this defendant was prepared before that date.