THE STATE OF OHIO, APPELLEE, *v.*
BOGADI, APPELLANT.

(No. CA-2813—Decided January 27, 1982.)

*Mr. Bill L. Slocum,* for appellee.
*Mr. Joseph L. Mas,* for appellant.

MILLIGAN, J. Is prosecution for a traffic offense viable only by use of an Ohio Uniform Traffic Ticket, or may such prosecution be triggered by the filing of an affidavit and an acknowledged complaint executed before a deputy clerk upon which summons is issued by the court?

The defendant-appellant was charged with reckless operation of a motor vehicle, R.C. 4511.20, upon a complaint filed in the Licking County Municipal Court by a private citizen. A summons was served upon the defendant-apppellant and his motion to dismiss for the reason that the case was not initiated by use of a Uniform Traffic Ticket was overruled by the trial court. He was thereafter found guilty and appeals, assigning a single error:

"The trial court erred. in denying defendant's motion for a dismissal of the charge of reckless operation when said charge was not filed by means of the Ohio Uniform Traffic Ticket."

Traf. R. 3(C) provides:

"The Ohio Uniform Traffic Ticket shall be used in all moving traffic cases but its use for parking and equipment violations is optional in each local jurisdiction. * * *"

The Traffic Rules were adopted pursuant to the authority granted by the legislature. R.C. 2937.46.

The Traffic Rules were "* * * promulgated pursuant to authority granted the Supreme Court by R.C. 2935.17 and 2937.46. They shall be construed and applied to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay." Traf. R. 1(B).

"If no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply." Traf. R. 20.

"In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a *private citizen* having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed * * *." R.C. 2935.09. (Emphasis added.)

R.C. 2935.10 authorizes the issuance of a summons, in lieu of arrest.

We are satisfied that, under circumstances such as existed in this case, R.C. 2935.09 is not preempted by the Traffic Rules adopted by the Ohio Supreme Court.

The use of the Uniform Traffic Ticket represents an effort to facilitate the processing of traffic cases in a manner that eliminates duplication of effort, expedites the procedure, and guarantees simplicity and uniformity in the many jurisdictions throughout the state having authority in such matters. We conclude that it was never intended to provide the exclusive remedy, procedurally, in all traffic offenses, particularly where the complaining witness or complainant is not a law officer. The Uniform Traffic Ticket is a multiple-copy form provided to police officers charged with enforcement of the traffic laws. It is not available to the general public.

In this case, the complainant, a private citizen, was the only person who had knowledge of the facts constituting the offense. We find no authority for denying him access to an appropriate court to commence a traffic violation complaint. On the contrary, we find authority authorizing him so to do in R.C. 2935.09. See 1969 Ohio Atty. Gen. Ops. No. 69-061.

The dicta from *State* v. *Maxwell* (1978), 60 Ohio Misc. 1 [14 O.O.3d 44], is persuasive, in suggesting that an off-duty patrolman may effect a traffic arrest as a private citizen. It also suggests it would have been proper for the officer to have filed against the defendant pursuant to R.C. 2935.09.

The procedure followed in this case *exceeds* the protections accorded the defendant in a traffic case prosecuted by a Uniform Traffic Ticket. For instance, the defendant has the advantage of a sworn charge against him, with whatever ultimate advantage that statement under oath might provide.

We find the defendant, in this case, was prejudiced in no way by the procedure that was followed and that, even if the procedure was in error, the error goes neither to the jurisdiction of the court, the jurisdiction over the parties, nor the gravamen of the offense.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDERSON, P.J., and McKEE, J., concur.