**CITY OF TOLEDO, Plaintiff,**

v.

**WEBER.**

Municipal Court of Toledo, Ohio,
Lucas County.

No. TRD–19547.

Decided July 1, 1997.

*John T. Madigan,* Chief Prosecutor, and *Daniel R. Pilrose, Sr.,* Assistant Prosecutor, for plaintiff.

*Matthew J. Zavac* and *Peter G. Boyer,* for defendant.

JUDSON P. SPORE, Judge.

This traffic case commenced with the filing of a sworn, long-form complaint by Carleton S. Finkbeiner that alleged that defendant Richard Weber disobeyed a traffic control device. Finkbeiner is the Mayor of Toledo.

Defendant Weber now seeks dismissal of the complaint because the charging instrument did not comply with the mandates of Traf.R. 3(A), 3(C), and 21, which, defendant argues, require the use of the Ohio Uniform Traffic Ticket ("Uniform Ticket") in all moving traffic cases when the citing complainant is a law enforcement officer. The defendant posits that Finkbeiner, as mayor of the city, was serving in his capacity as chief conservator of peace for the city when he filed the complaint and, hence, was a "law enforcement officer" as defined in R.C. 2901.01(A)(11)(c).

The city contends that Finkbeiner was entitled, as a private citizen, to file his complaint against Weber under the authority of R.C. 2935.09, and cites *State v. Bogadi* (1982), 5 Ohio App.3d 124, 5 OBR 282, 449 N.E.2d 785 (Licking County), as supportive of its position.

There is a paucity of case law on the seminal issue presented in this case, namely, whether the prosecution of a moving traffic offense can be initiated by the filing of a complaint form other than the Uniform Traffic Ticket in a court inferior to a common pleas court.

After considering Ohio statutory law and the ensuing Traffic Rules issued by the Ohio Supreme Court, I am of the opinion that the Uniform Traffic Ticket is necessary to commence a moving traffic prosecution in a court other than a common pleas court.

R.C. 2935.17, effective November 1, 1977, states in part:

"Provided, that the supreme court of Ohio, may, by rule, provide for the uniform type and language to be used in any * * * complaint to be filed in any court inferior to the court of common pleas for violations of the motor vehicle and traffic acts * * *, and may require that such forms *and no other,* shall be *received* in such courts, and issued to violators." (Emphasis added.)

The Ohio Supreme Court has implemented R.C. 2935.17, initially by promulgating the Ohio Rules of Practice and Procedure in Traffic Cases for All Courts Inferior To Common Pleas, and later issuing superseding Ohio Traffic Rules that were in effect at the time the instant case arose.

Traf.R. 3 states in subsection (A), "In traffic cases, the complaint and summons shall be the 'Ohio Uniform Traffic Ticket' as set out in the Appendix of Forms."

Traf.R. 3(C) recites, in part, "The Ohio Uniform Traffic Ticket shall be used in all moving traffic cases, but its use for parking and equipment violations is optional in each local jurisdiction."

The exclusivity of the Uniform Traffic Ticket as a complaint form is established in Traf.R. 21: "The forms contained in the Appendix of Forms are *mandatory*, except that additional copies of any portions of the ticket may be made." (Emphasis added.) The complaint in this case does not comport with the Uniform Traffic Ticket form in the Appendix of Forms.[1]

Notwithstanding the foregoing, the city insists that R.C. 2935.09 entitled Finkbeiner to file his complaint in this case. This section of Ohio statutory law, effective January 1, 1960, states:

"In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney."

*Bogadi*, relied upon by the city, does hold in its syllabus that "R.C. 2935.09 is not preempted by the Traffic Rules in all cases, and prosecution for a traffic offense may be commenced by the filing of an affidavit by a private citizen charging the offense committed." The Licking County Court of Appeals reasoned that since Uniform Traffic Tickets were not available to private citizens,

---

1. Cf. *Cleveland v. Winchell* (1981), 3 Ohio App.3d 186, 3 OBR 212, 444 N.E.2d 465 (Cuyahoga County), paragraph three of the syllabus, wherein the court held that a motion to dismiss a traffic charge because the local ticket complaint failed to conform to the Ohio Uniform Traffic Ticket should be denied unless the defendant demonstrates prejudice to his defense against that charge as a result of that variance. Setting aside the question of the efficacy of the rationale, the instant case is distinguishable from *Winchell* (even though Weber herein did not convincingly show prejudice) in that in *Winchell*, a police officer wrote a local traffic ticket (not a long-form complaint), which, though it had "significant variations" from the Ohio Uniform Traffic Ticket, also had enough similarity to the latter form in size and in the information provided the defendant to pass judicial muster.

the Ohio Supreme Court never intended the filing procedure under the Traffic Rules to be exclusive. Underpinning its decision, the appellate court cited as persuasive a 1969 Ohio Attorney General's opinion, No. 69–061, and the dicta from *State v. Maxwell* (1978), 60 Ohio Misc. 1, 14 O.O.3d 44, 395 N.E.2d 531. *Bogadi, supra,* at 125, 5 OBR at 283, 449 N.E.2d at 786.

In light of R.C. 2935.17 and Traf.R. 3 and 21, I remain unpersuaded by the rationale in *Bogadi* and decline to follow its holding. The aforementioned Attorney General opinion had been issued prior to the establishment of the present Traffic Rules, and in *Maxwell,* the Miamisburg Municipal Court qualified the R.C. 2935.05 procedure by stating, 60 Ohio Misc. at 6, 14 O.O.3d at 46, 395 N.E.2d at 534, "A private citizen may effectuate a traffic arrest, under R.C. 2935.09, *if the matter is first submitted to the prosecutor for his approval and upon proper notarization of the alleged facts by the complainant.*" (Emphasis added.)

Accordingly, regardless of who signed the complaint filed in this case, the complaint did not meet the requirements of the Traffic Rules and should not have been accepted by the clerk's office. Because it was unacceptable, an amendment under Crim.R. 7(D) is not in order. Dismissal of the complaint is the proper course of action to be taken.

The parties have concerned themselves with the private citizen/law enforcement agent status of Finkbeiner as a predicate to their respective positions. Although such a determination is not necessary for a decision in this case, a discussion in dicta (1) of his status in these situations, and (2) consideration of the question whether a private citizen can be the complainant/citing party on the Uniform Traffic Ticket under R.C. 2935.09 is worth examination.

## I. *THE MAYOR'S STATUS*

The signature line for the complainant on the Uniform Traffic Ticket set out in the Appendix of Forms to the Traffic Rules is designated to be for "Issuing–Charging Law Enforcement Officer." Obviously, such officer must sign the Uniform Traffic Ticket when he or she intends to charge a traffic offender.

The Traffic Rules and R.C. Chapter 4511 dealing with traffic laws do not specifically define a "law enforcement agent," but subsection (A)(11)(c) of R.C. 2901.01 does, and in doing so, includes within its parameters the office of mayor:

"(A) As used in the Revised Code:

" \* \* \*

"(11) 'Law enforcement officer' means any of the following:

" \* \* \*

"(c) A mayor, in the mayor's capacity as chief conservator of the peace within the mayor's municipal corporation[.]"

And under the Charter of Toledo, "It shall be the duty of the Mayor to act as chief conservator of the peace within the City * * *." Chapter V, Executive Powers and Duties, Section 61.

Crim.R. 2 also contains the following definition:

"(J) 'Law enforcement officer' means a sheriff, deputy sheriff, constable, municipal police officer, marshal, deputy marshal, or state highway patrolman, and also means any officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, the authority to arrest violators is conferred, when the officer, agent, or employee is acting within the limits of statutory authority. The definition of 'law enforcement officer' contained in this rule shall not be construed to limit, modify, or expand any statutory definition, to the extent the statutory definition applies to matters not covered by the Rules of Criminal Procedure."

Mayor Finkbeiner, as the conservator of peace, is a law enforcement officer within the limits of the city and, as such, he would be empowered to sign the Uniform Traffic Ticket charging defendant Weber with a traffic violation.

## II. PRIVATE CITIZEN COMPLAINANT ON THE UNIFORM TICKET

█ May a private citizen also sign the Uniform Traffic Ticket if he or she wants to press traffic charges against another person? I think not in light of the verbiage on the form.

If it is necessary to reconcile the Traffic Rules with R.C. 2935.09 as it applies to a private citizen seeking to lodge a complaint against a traffic offender, the private citizen should follow that portion of the procedure outlined in the section that directs the citizen to file an affidavit with the prosecuting attorney or an assistant prosecutor for the purpose of having one of them file the complaint in the traffic court on the citizen's behalf. In that situation, the prosecutor or the assistant, as a law enforcement officer, would execute a Uniform Traffic Ticket, if he or she believed the citizen's affidavit was presented to him or her in good faith, and would cause summons to be served upon the alleged offender by personal service prior to a filing with the appropriate traffic court.

In summary, this case's holding is that a Uniform Traffic Ticket is the sole complaint form that may be filed in a moving traffic case in a court inferior to a common pleas court, and the failure to follow the Traffic Rules requiring the filing of the Uniform Traffic Ticket as a complaint will result in a dismissal of the complaint.

Additionally, I have offered my views that only a law enforcement officer and not a private citizen can be the issuing complainant on the Uniform Traffic Ticket

and that a private citizen must seek his or her recourse through the prosecuting attorney.

This cause should be dismissed, pending further action, if any, to be taken by the city consistent with this decision.

*Cause dismissed.*

JUDSON P. SPORE, J., retired, of the Perrysburg Municipal Court, sitting by assignment.