JOURNAL ENTRY AND OPINION
Michael Knotek appeals pro se from his traffic conviction in Bedford Municipal Court of failing to maintain an assured clear distance in violation of R.C. 4507.168.
On November 19, 1999 at 9:13 a.m., Knotek rear ended another vehicle on an exit ramp of Route 422. He was issued a traffic ticket at that time. Two days prior to his trial, he filed a motion entitled Special Visitation No Contest Plea. In this motion, he alleged that [t]he complaint violates Ohio Revised Code section 2935.09 in that it is not signed by a prosecutor as required by that statute. Further the commencement of an action by a non-party that is not licensed to practice law is a third degree misdemeanor in violation of O.R.C. 4705.01 through 4705.09. Finally the complaint constitutes a falsification because it is signed under penalties of perjury and the charges as stated mislead a public official in the discharge of his duties in violation of O.R.C.2921.13.
Wherefore: Having fully considered the matter this honorable court should dismiss the above captioned case, with prejudice.
Following one continuance at his request, his trial was held on December 22, 1999. He was found guilty and fined $60.00. The court's judgment was journalized on January 12, 2000, and Knotek appealed on January 28, 2000.
On January 20, 2000, Knotek executed an affidavit, which he filed with the Bedford Municipal Court. The affidavit states that Judge Freda did create fictitious filings in the public record by issuing an order for trial findings in violation of law and against the peace and dignity of the people of this County knowing that no trial could be had in that [sic] pre-plea matters [sic], motions to dismiss, were not adjudicated as shown by Judgment Entry signed by Joseph Zingales, Judge, on December 22, A.D. 1999. Upon reason and belief Freda purposely mislead [sic] Zingales as to the procedures used in this matter, and further created a second fictitious filing on December 29, A.D. 1999, and filing in the public record that defendant's motion to dismiss was in fact heard and dismissed being an outright lie and falsification in violation of O.R.C.2921.13 and 2921.45 violation of civil and constitutional rights by public official. At the times mentioned above the aforementioned criminal activity was accomplished by these named persons acting under color of law.
Freda, on December 22, A.D. 1999, held a trial knowing that a pre-plea motion to dismiss was not heard and that no prosecutor had signed a complaint pursuant to O.R.C. 2935.09 thereby creating fraud on the people of the County of Cuyahoga. The court was wholly without subject matter jurisdiction without a signature from an attorney authorized to bring charges in the name of the entity Solon, and or Bedford Municipal Court.
On or about January 4, 2000, a judgment entry was recorded on the docket reportedly signed by Judge Zingales which is an attempted theft by deception under O.R.C. 3913.02(3) by deceptively taking money and or property and services with the purpose to deprive the affiant herein of his property in violation of the laws of Ohio and the peace and dignity of the people of Cuyahoga County, knowing that there was no subject matter jurisdiction in front of referee Freda to adjudicate any matter without a pleading signed by a prosecutor as required by O.R.C. 2935.09.
Appellant, who is pro se, has confused the format of the statement of an issue with that of an assignment of error. We thus present as assignments of error what he mistakenly calls statements of issues. What we deem his first assignment of error[1] is
 I. AN OFFICER IS IN VIOLATION [SIC] THE LAW, O.R.C. 4705.01, BY ALLOWING ONLY HIS CITATION WITH ONLY HIS SIGNATURE TO BE USED AS A FORMAL COMPLAINT WHEN OBJECTION IS MADE BY THE ACCUSED TO THE PROCEEDING.
Appellant claims that without an affidavit or a complaint filed by a licensed attorney, the state had no authority to prosecute his case. Appellant erroneously relies on Crim.R. 3 and on O.R.C. 2935.09, which states that in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer * * * shall file with the judge or clerk of court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney * * *.
Traffic offenses, however, are covered by the Traffic Rules, not the Criminal Rules. Crim.R. 1(C) expressly states These rules, to the extent that specific procedure is provided by other rules of the Supreme Court * * * shall not apply to procedure * * * (3) in cases covered by the Uniform Traffic Rules * * *.
The Ohio Supreme Court promulgated the Traffic Rules to secure the fair, impartial, speedy and sure administration of justice, simplicity and uniformity in procedure, and the elimination of unjustifiable expense and delay. Traf.R. 1(B). In the interest of expediency and efficiency, Traf.R. 3(A) mandates that [i]n traffic cases, the complaint and summons shall be the `Ohio Uniform Traffic Ticket' as set out in the Appendix of Forms. Appellant does not allege that he did not receive a copy of his ticket, nor does he allege that the ticket he received was improper or the wrong form. Rather, he states that he pled no contest for the purpose of challenging the court's process in the matter. Appellant's brief at 4-5. In his brief, he states, Appellant was familiar with the statute O.R.C. 2935.09 which states that either a private citizen or a police officer can, having knowledge of an offense in the State, file an affidavit with the court for the purpose of having the prosecutor file a formal pleading, i.e. Complaint. Appellant's brief at 5.
Although under the right circumstances R.C. 2935.09 may apply to a traffic violation, those circumstances are not present in this case. In State v. Bogadi (1982), 5 Ohio App.3d 124, a private citizen swore out an affidavit against a motorist. The motorist protested the complaint because it was not on a Uniform Traffic Ticket as mandated by Traffic Rule 3(A). The Bogadi court held that [t]he procedure followed in this case exceeds the protections accorded the defendant in a traffic case prosecuted by a Uniform Traffic Ticket. For instance, the defendant has the advantage of a sworn charge against him, with whatever ultimate advantage that statement under oath might provide. Id. at 124. The protections provided by a Uniform Traffic Ticket are legally adequate. Thus appellant's claim that his summons was not properly executed is incorrect.
As noted above, the Traffic Rules control procedure in traffic cases, and an affidavit is not necessary for a traffic complaint.
 Traffic rule 3 (not Criminal Rule 3) specifies the necessary procedures for the issuance of the traffic ticket. * * * It does not require that the officer swear to the veracity of the complaint before an appropriate authority. However, all Ohio Uniform Traffic Tickets are subject to the following caveat: The issuing-charging law enforcement officer states under penalties of perjury and falsification that he has read the above complaint and that it is true. Thus, all law enforcement officers continue to attest to the accuracy of the tickets to protect the interests of the motorists.
Cleveland v. Austin (1978), 55 Ohio App.2d 215, 223. Therefor appellant's claim that because no affidavit was filed, his prosecution was illegal, is unfounded.
Appellant's next assignment of error[2] states:
 II. APPELLANT HEREIN WAS REQUIRED TO ENTER A PLEA WITHOUT SEEING AN AFFIDAVIT STATING THE FACTS AND A FORMAL COMPLAINT, INFORMATION, OR INDICTMENT PURSUANT TO CR.R. 10, ARRAIGNMENT.
Prior to his hearing, appellant made a plea of no contest voluntarily when he filed his Special Visitation No Contest Plea. Hee also pleaded no contest at his hearing, and he has provided no evidence that he was forced to make this plea. Instead, he relies on his mistaken assumption that the proceedings were improper and therefore his pleas should be considered ineffective. As shown in the discussion of the first assignment of error, the proceedings were proper, however. Appellant has, therefore, provided no reason to void his plea.
Accordingly, the second assignment of error is overruled.
Appellant's final assignment of error[3] states
 III. CAN THE COURT FIND ON THE FACTS IN THE MATTER WHEN IT LACKS SUBJECT MATTER JURISDICTION.
Appellant claims that the trial court lacked jurisdiction to hear this case because [w]ithout a proper affidavit to initiate the case and a formal pleading, the court could not require a plea, and had no subject matter jurisdiction. Appellant's brief at 7. As shown above, appellant is mistaken in his belief that an affidavit is necessary for a valid complaint in a traffic case. Traf.R. 3(A) states that [i]n traffic cases, the complaint and summons shall be the `Ohio Uniform Traffic Ticket' as set out in the Appendix of Forms. Thus the trial court had full subject matter jurisdiction to hear this case. Appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
JOHN T. PATTON, J., and PATRICIA ANN BLACKMON, J., CONCUR.
 __________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] His first assignment of error actually states: Does a court have subject matter jurisdiction to force the accused to enter a plea, or enter a plea for you, when no statements of the facts constituting the offense and no formal pleading has been entered into the case by a prosecutor of the state.
[2] What he classifies as his second assignment of error states: Can a police officer bring a pleading in the name of a third party, i.e. state of Ohio, when he is not licensed to practice law and when he is not authorized to bring a pleading in the name of the state of Ohio.
[3] What he classifies as his third assignment of error states: Does a court have subject matter jurisdiction to force the accused to enter a plea, or enter a plea for you, when no statements of the facts constituting the offense and no formal pleading has been entered into the case by a prosecutor of the state.