DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mark Darulis, appeals his conviction in the Akron Municipal Court. We affirm.
 I.
On March 27, 2000, an officer of the City of Akron Police Department issued two traffic citations to Mr. Darulis for a stop sign violation, in violation of Akron City Code 72.22, and a speeding violation, in violation of Akron City Code 73.20. Mr. Darulis pleaded not guilty, and a bench trial was held before a magistrate on April 3, 2000. After reviewing the evidence, the magistrate found Mr. Darulis guilty of both charges and fined him accordingly. Subsequently, Mr. Darulis filed objections to the magistrate's decision, arguing that the traffic ticket was defective on its face and did not conform to the Uniform Traffic Ticket. He also averred that the magistrate erred in allowing the testimony of the citing police officer, Officer Anthony Sutton, because he was parked illegally on private property when he observed the traffic violations. In a judgment entry journalized on June 12, 2000, the trial court overruled Mr. Darulis' objections and adopted the magistrate's decision. This appeal followed.
 II.
Mr. Darulis asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED BY RULING PREJUDICE MUST BE SHOWN IN ORDER TO ENFORCE A MANDATORY STATUTE.
Mr. Darulis avers that his traffic ticket should have been dismissed because the form of the traffic ticket issued to him deviated from the Ohio Uniform Traffic Ticket. We disagree.
Pursuant to Traf.R. 21, the Uniform Traffic Ticket is the mandatory form of complaint for traffic cases in Ohio. Cleveland v. Winchell
(1981), 3 Ohio App.3d 186, 186-87. However, "[a] motion to dismiss a traffic charge because the local-ticket complaint fails to conform with the Ohio Uniform Traffic Ticket should be denied unless the defendant demonstrates prejudice to his defense against that charge as a result of that variance." Id. at 186; see, also, State v. Shaw (Dec. 17, 1997), Licking App. No. 97CA92, unreported, 1997 Ohio App. LEXIS 5903, *3;Columbus v. Tuttle (Dec. 19, 1996), Franklin App. No. 95APC08-962, unreported, 1996 Ohio App. LEXIS 5755, *17. Furthermore, a traffic ticket, prepared pursuant to Traf.R. 3, properly charges a defendant with a traffic offense when it describes the nature of the offense and refers to the statute or ordinance that gave rise to the citation. Barberton v.O'Connor (1985), 17 Ohio St.3d 218, paragraph one of the syllabus.
In the present case, we find that the substance of the Akron City traffic ticket was substantially the same as that of the Uniform Traffic Ticket and that Mr. Darulis has failed to show how he was prejudiced by the variations in the ticket issued by the Akron Police Department. The ticket charged Mr. Darulis with a "stop sign" and a "speed" violation. In the remarks section of the ticket, the citing officer wrote that Mr. Darulis was "observed not stopping at posted stop sign located at Uhler/Memorial." The ticket also related that Mr. Darulis was driving at 51 m.p.h. in a 35 m.p.h. zone, according to the radar device. Further, the ticket, presented at trial, contained the relevant Akron City Code sections.[1] Therefore, we conclude that the trial court properly refused to dismiss Mr. Darulis' ticket. Mr. Darulis' first assignment of error is overruled.
 B. Second Assignment of Error THE TRIAL COURT ERRED BY ALLOWING TESTIMONY IN A CASE THAT INVOLVED SELECTIVE PROSECUTION.
Mr. Darulis contends that the trial court erred in allowing the citing officer to testify due to selective or discriminatory prosecution. Specifically, Mr. Darulis argues that because the officer was parked on private property in full view of a "No Parking" sign when he observed Mr. Darulis make the stop sign and speed violations and the officer was not prosecuted for these alleged violations, there was selective prosecution by the Akron Prosecutor's Office, thereby making the officer incompetent to testify. This argument lacks merit.
"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." Statev. Getsy (1998), 84 Ohio St.3d 180, 203. In State v. Flynt (1980),63 Ohio St.2d 132, 134, the Supreme Court addressed the elements for establishing a selective-prosecution claim:
 "To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights."
(Citation omitted.) In Cleveland v. Trzebuckowski (1999),85 Ohio St.3d 524, 532, the Supreme Court broadened the second-prong of the test so as to include any selection deliberately based upon any arbitrary classification. Furthermore, the Ohio Supreme Court has held that "[a] mere showing that another person similarly situated was not prosecuted is not enough; a defendant must demonstrate actual discrimination due to invidious motives or bad faith." State v. Freeman
(1985), 20 Ohio St.3d 55, 58.
After carefully reviewing the record, we conclude that Mr. Darulis has failed to meet the heavy burden of establishing either prong of the selective prosecution test. The mere fact that the citing officer was not prosecuted for parking on private property in front of a "No Parking" sign does not establish a selective or discriminatory prosecution claim in this instance. Consequently, we conclude that the trial court did not err in permitting the citing officer to testify and in refusing to dismiss the charges against Mr. Darulis. Accordingly, Mr. Darulis' second assignment of error is overruled.[2]
 III.
Mr. Darulis' assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Akron Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR
[1] In his objections to the magistrate's findings, Mr. Darulis contended that the ticket was defective because his copy of the ticket did not contain the code section for the stop sign violation. In overruling this objection, the trial court noted that the ticket presented at trial contained the relevant code sections and found that Mr. Darulis was properly advised of the offenses with which he was charged. Mr. Darulis does not appeal this decision.
[2] In his conclusion, Mr. Darulis asks that "[i]f this Court allows this conviction to stand appellant requests this Court to adhere to Traffic Rule 15 and initiate contempt of the Supreme Court of Ohio proceedings against the Akron authority responsible for the refusal to comply with Traffic Rule 21." However, pursuant to Traf.R. 15, "[p]roceedings in contempt under this rule can be instituted only with leave of the Supreme Court."