Matthias, J.
 

 The single question considered and decided by the Court of Appeals was the sufficiency or insufficiency in law of the indictment returned by the grand jury.
 

 Section 13437-4, General Code, provides as follows:
 

 
 *271
 
 “In charging an offense, each count shall contain,, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statements may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is. charged.”
 

 The indictment, in this case, with the formal parts-omitted, was as follows:
 

 “* * * the jurors of the grand jury of the state of Ohio, within and for the body of the county of Summit, * * * do find and present, that Emory J. Yudick in the county of Summit and state of Ohio aforesaid, on the 21st day of September, in the year of our Lord, one thousand, nine hundred and forty-seven, unlawfully and unintentionally killed one Steve Guylas, while, the said Emory J. Yudick was engaged in the violation of the laws of the state of Ohio applying to the use or regulations of traffic, to wit: Sections 6307-20, 6307-21 and 6307-63 of the General Code of Ohio in that he, the said Emory J. Yudick did operate a certain motor vehicle to wit: a 1941 Buick automobile upon a certain road known as state highway 14, located in the village of Twinsburg, the county and state aforesaid, and that the said Emory J. Yudick did operate said motor vehicle in a reckless manner, to wit, without due regard for the safety and right of the occupants of said vehicle and so as to endanger life and limb of said occupants of said vehicle, and without bringing said vehicle to a stop before entering state highway 91, a through highway; and in that he was operating upon said highway at a speed greater than was reasonable
 
 *272
 
 having due regard for the traffic, surface and width of the street or highway, to wit, a speed in excess of fifty miles per hour, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
 

 The reversal by the Court of Appeals was based on the insufficiency of the indictment to charge a violation of Sections 6307-20, 6307-21 or 6307-63, General Code. In discussing the allegations in relation to these statutes it should first be noted that the indictment in its opening statements charged that the accused “unlawfully and unintentionally killed one Steve Guylas, while, the said Emory J. Yudick was engaged in the violation of the laws of the state of Ohio- applying to the use or regulations of traffic.”
 

 That language is practically identical with the language used in Section 6307-18, General Code, the only variance therein being the insertion of the names of the parties. It seems to be agreed that if the indictment in question had contained no language other than that above stated, coupled with the enumeration of the sections of the laws regulating traffic alleged to have been violated, the indictment would have been sufficient. It might have been subject to a request seasonally made that the state furnish to the accused a bill of particulars in order to inform him in greater detail of the claims made. Such a bill of particulars, however, would be in addition to the valid indictment. The controversy in this case arises primarily from the fact that the state did attempt to inform the accused of its charge but in doing so the allegations of certain facts, required to be shown to constitute an offense, were omitted. In view of this contention a detailed examination of these additional allegations is required.
 

 It must be conceded at the outset that the indictment did set forth the name of the accused, the county and
 
 *273
 
 state in which the violation occurred and the date thereof, the type of automobile being driven, the state highway on which it was being driven, the village in which the offense occurred, the sections of the Code defining the offenses on which the state relies, and the name of the person killed as a result of the violation charged. The reversal by the Court of Appeals was based upon a determination that each allegation that a statute governing traffic on the highway was violated was insufficient and defective. The Court of Appeals separately considered each of such allegations.
 

 After setting forth the pertinent provision of Section 6307-20, General Code, that “no person shall operate a vehicle, * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles, * * * and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways,” the court compared the indictment therewith and held that the allegation in the indictment, “that the said Emory J. Yudick did operate said motor vehicle in a reckless manner, to wit, without due regard for the safety and right of the occupants of said vehicle, and so as to endanger life and limb of said occupants of said vehicle, ’ ’ was insufficient in that it did not charge that the accused operated his car without due regard for the safety and rights of people on foot and for the occupants of all other vehicles. The Court of Appeals held that the failure to allege in clear, simple and positive language all the essential elements of the offense, as set forth in Section 6307-20, General Code,
 
 supra,
 
 rendered the indictment insufficient to state an offense.
 

 This court in the case of
 
 State
 
 v.
 
 Wells,
 
 146 Ohio St., 131, 64 N. E. (2d), 593, construed Section 6307-20,
 

 
 *274
 
 General Code, as it related to the death of one riding in the car operated by the accused, and held that such passenger was “in the lawful use of the streets or highways” and that a conviction for manslaughter under provisions of Section 6307-18, General Code, may be founded upon the violation of Section 6307-20, General Code, which resulted in the death of one riding with the driver’s consent as an occupant in his automobile.
 

 The allegation in the indictment that Section 6307-20, General Code, had been violated when the accused operated a motor vehicle without due regard for the safety and right of the occupants of said vehicle and so as to endanger life and limb of the occupants of said vehicle clearly informed the accused that he was expected to defend a charge of the unlawful and unintentional killing of a passenger in his automobile at the time and place stated.
 

 The indictment also charged the violation of Section 6307-21, General Code, alleging that the accused “was operating upon said highway at a speed greater than was reasonable having due regard for the traffic, surface and width of the street or highway, to wit, a speed in excess of fifty miles per hour. ’ ’
 

 The Court of Appeals held that since no mention of the “place” where the alleged violation occurred was included in the indictment and no mention was made of the speed which would be prima facie lawful under Section 6307-21, General Code, at the time and place of the alleged violation, the indictment did not charge an offense. The indictment did state where the violation occurred and although it did not state whether the location designated was within or outside a municipality such omission was immaterial for the reason that Section 6307-21, General Code, specifically makes any speed in excess of fifty miles per hour prima facie
 
 *275
 
 unlawful whether within a municipality (where the speed limits are lower) or on a highway outside a municipality where the presumptive maximum lawful speed is fifty miles per hour. The indictment clearly charged a violation of Section 6307-21, General Code, and the accused was sufficiently apprised thereby of the offense with which he was charged.
 

 The third claim of violation of the statute is predicated on Section 6307-63, General Code, which provides, in part, that “all state routes * * * are designated as through highways provided that stop signs shall be erected at all intersections with such through highways.” The language of the statute indicates that only the state highways, which have “stop signs” erected at intersections, are ‘
 
 ‘
 
 through highways. ’ ’ The statute provides that “every operator of a vehicle * * * shall stop at such sign or at a clearly marked stop line before entering an intersection except when directed to proceed by a police officer or traffic-control signal. ’ ’
 

 The indictment in regard to this violation was incomplete in that it did not state that the accused’s failure to bring the vehicle to a stop before entering-state highway .No. 91 was in disregard of a stop sign erected at the intersection of such highway. The Court of Appeals was, therefore, correct in holding that the indictment did not properly charge an offense based upon the violation of Section 6307-63, General Code. However, the invalidity in that respect did not serve to completely invalidate the indictment.
 

 In a trial upon such indictment a verdict of guilty of manslaughter in the second degree, as defined by Section 6307-18, General Code, may be rendered upon proof of a violation of one or more of such sections apjjlying to the use or regulation of traffic named in the indictment.
 

 
 *276
 
 The following language from 12 Ohio Jurisprudence, 632, Section 613, is pertinent:
 

 “Although, on an indictment containing several counts, some of which are defective, and one of which is good, a general verdict of guilty will be held to apply to the good count, and support the indictment, yet such general verdict will not authorize separate penalties upon separate counts. A judgment and sentence in general teiuns, on such a verdict, is not erroneous, provided the sentence be proper, and warranted by the laws applicable to the good counts. It is not erroneous because not rendered with express reference to the good counts.
 

 i Í
 
 # * *
 

 “The rule now under consideration is not varied by the circumstance that a demurrer of the defendant to the bad counts was overruled, after which the defendant pleaded not guilty to the whole indictment,
 
 it not appearing from the record that the defendant was prejudiced by the introduction of evidence under the bad counts, which was not competent under the good
 
 counts.” (Emphasis supplied.)
 

 The record discloses that the accused did not request a bill of particulars. It is contended by his counsel that because of details set forth in the indictment an application for a bill of particulars would have been futile. A plea of not guilty by the accused having been entered, the case is governed by the decision of this court in
 
 State
 
 v.
 
 Hutton,
 
 132 Ohio St., 461, 9 N. E. (2d), 295. The following language in the opinion thereof is pertinent:
 

 “Therefore, if the defendant felt that the affidavit was not sufficiently definite to inform him as to the charge preferred against him, it was his privilege and duty to seasonably request of the prosecutor or the court a bill of particulars setting up more specifically
 
 *277
 
 the nature of the offense charged. This he failed to do. Hence the lower courts were correct in holding that the matter was waived when the defendant proceeded to trial. ’ ’
 

 We conclude that the decision of the Court of Appeals, holding the indictment insufficient to charge an offense under Section 6307-18, General Code, is erroneous and its judgment is reversed.
 

 It is claimed by the accused, however, that prejudicial error was committed in the trial by the admission of incompetent, evidence, by the charge of the court as given and by the omission of instructions to-the jury, to which omission the attention of the court was seasonably directed.
 

 The Court of Appeals confined its decision to the sufficiency of the indictment and seemingly considered-no other question.
 

 The cause is, therefore, remanded to the Court, of Appeals for its consideration of errors claimed by the accused to have been committed in the trial.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Stewart, Middleton,. Taft and Hart, JJ., concur.