THE STATE OF OHIO, APPELLEE, *v.* BEAUMONT, APPELLANT.

[Cite as State v. Beaumont, 4 Ohio App. 2d 212.]

(No. 297—Decided December 14, 1964.)

*Mr. Ralph A. Hill,* for appellee.
*Messrs. Douglas & Carlier,* for appellant.

HOVER, P. J. This matter came on to be heard as an appeal on questions of law from the refusal of the court below to sustain a demurrer to the indictment on the ground that it failed to state an offense.

It was considered by the court on the transcript of the docket and journal entries in the trial court below which re-

sulted in the conviction of the defendant, the bill of exceptions and the briefs and argument of counsel.

Defendant was indicted for the violation of Section 4511.18, Revised Code, an unlawful and unintentional killing while operating an automobile in violation of the laws of the state relative to the regulation of traffic. The indictment was made substantially in the terms of this statute. It did not specify the manner in which the defendant is alleged to have violated the laws relating to traffic.

The decision of the court below relative to the sufficiency of the indictment is affirmed on authority of *State* v. *Yudick,* 155 Ohio St. 269. While the indictment in the *Yudick case* did specify various sections of the Motor Vehicle Code which the defendant was alleged to have violated, the mere recitation of code sections provided the defendant with no more enlightenment as to the operative facts of the charge than did the indictment in this case.

An indictment which is silent as to which specific traffic laws were violated, as in this case, and one that describes such allegations simply by section number, as in the *Yudick case,* would appear to be a distinction without a difference, since the court holds in paragraph one of the syllabus of the *Yudick case*:

"* * * an indictment is sufficient if it contains in substance a statement that the accused has committed a public offense therein specified, which statement may be in ordinary and concise language and may be in the words of the enactment describing the offense, or in any words sufficient to give the accused notice of the offense of which he is charged."

There being no error in the record prejudicial to the defendant, the judgment of the court below is affirmed.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.