THE STATE OF OHIO, APPELLANT, *v.* OLIVER, APPELLEE.

[Cite as State v. Oliver (1972), 32 Ohio St. 2d 109.]

(No. 72-15—Decided December 13, 1972.)

110

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. Russell D. Provenza,* for appellant.

*Mr. Hubbard C. Wilcox,* for appellee.

BROWN, J. In examining and thereafter determining the sufficiency of an indictment, it is of utmost importance that all the statutory elements necessary to constitute a crime be averred in the criminal charge. *Davis* v. *State* (1876), 32 Ohio St. 24; *State* v. *Joseph* (1926), 115 Ohio St. 127, 131. This condition is founded upon the constitutional right of the accused to be informed of the nature and cause of the accusation against him. *United States* v. *Hess* (1887), 124 U. S. 483, 487.

Consequently, the omission of any material element or ingredient of an offense, as defined by statute, is "* * * fatal to the validity of the indictment." *State* v. *Cimpritz* (1953), 158 Ohio St. 490.

Directing our attention to the case in point, the central concern here is whether the use of the phraseology "did steal from a Lawson's store" and "did steal from Paul Aviles Sohio Station" is clearly outside of the statutory language and proscription of R. C. 2901.13 and therefore invalid.

A majority of this court entertains the view that the indictment in issue is not constitutionally defective, in that it does set forth the necessary and essential elements to charge the offense of robbery pursuant to R. C. 2901.13.

In accordance with *State* v. *Childers* (1938), 133 Ohio St. 508, which held that: "An indictment need not be in the exact language of the statute so long as all the essential elements of the crime are contained in language equivalent to that used in the statute." We find that the language of the challenged indictment is of such an equivalent nature.

Appropriate to this discussion is the language contained in a *per curiam* opinion in the case of *Perry* v. *Maxwell* (1963), 175 Ohio St. 369, wherein it was stated that: "* * * The loan company, an inanimate legal entity, could not have been put in fear, but it may be implied that a human person acting for the entity may have been put in fear. A corporation acts through its agents, human persons. The indictment was sufficient to apprise petitioner of the crime with which he is charged, and to which he pleaded guilty."

We would also fail to find that this technical default within the indictment would in any way be substantially repugnant to the material elements of the offense. Nor would we find that the primary purpose of the indictment had been supplanted by the use of the questioned phraseology.

In pursuing the question of sufficiency of the indictment, the standard is not one of mechanical exactness. Instead, it has been held that a count of an indictment cannot be sustained where there is a manifest and substantial repugnancy in a material charge of the count. *United States* v. *Britton* (1882), 107 U. S. 655.

In this case, the indictment in no way prejudiced the right of the accused to know the nature and cause of the accusations against him. The accused was, *inter alia*, advised in the indictment of the nature and cause of the accusations he was expected to meet. The accused was given adequate identity of the victims who were accusing him. And, additionally, the accused did not at any time prior to, or during, the trial, claim lack of knowledge or confusion regarding the charges laid.

In former times, it was essential to the validity of an indictment that it conform strictly to established formality and charge the offense with technical accuracy, and formerly the courts felt constrained to adhere so strictly to form, that the public justice was defeated. We, therefore, find that the indictment involved in the instant case is not deficient, ineffective or invalid.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur.

CORRIGAN, J., concurring. I concur in this case also on the authority of this court's reasoning in *Salzer* v. *Maxwell* (1962), 173 Ohio St. 573.

In *Salzer*, the indictment for armed robbery was couched in almost the identical language used in the instant case, *videlicet*:

" 'The grand jurors of the county in Hamilton, in the name of and by the authority of the state of Ohio, upon their oaths present that John E. Salzer on or about the eleventh day of December in the year nineteen hundred and fifty nine at the county of Hamilton and state of Ohio, aforesaid, unlawfully or by force or violence, or by putting in fear, and while armed with a dangerous weapon, to-wit, a sawed-off shotgun, did steal from Chester Schubert, certain U. S. currency of the amount and of the value of two

thousand eight hundred fifty and 00/100 ($2,850) dollars the personal property of the said Chester Schubert contrary to the form of the statute * * *.' "

In our case, the indictment charged that defendant "while armed with a pistol by force or violence did steal from a Lawson's Store cash of the value of one hundred thirty and 00/100ths dollars ($130) * * *."

The only notable difference between the indictments in the two cases is that the victim named in *Salzer* is a natural person, Chester Schubert, while the entity victimized and named in the instant indictment is "a Lawson's Store." Neither indictment alleges that the property taken in the robberies was stolen "from the person of another" in the terminology of R. C. 2901.13. Nor is such an allegation necessary to the validity of a robbery indictment. See, also, R. C. 2941.06, 2941.07 and 2941.08. As this court pointed out in *Salzer*, "it has been determined that there is no set form of words necessary for an allegation of a taking from the person as long as such allegation may reasonably be inferred from the language used. 77 Corpus Juris Secundum, 476, Robbery, Section 39."

It may reasonably be inferred here that the defendant-robber, Sylvester Oliver, knew that he was charged under the indictment with putting in fear, not an inanimate appurtenance of Lawson's Store such as a cash register, counter or refrigerator, but more sensibly and realistically, an employee of Lawson's Store presiding over such inanimate adjuncts, and this, while looking into the barrel of a dastard's pistol, as borne out beyond a reasonable doubt by the record before us.

The indictment in this case constituted a valid indictment for armed robbery. Accordingly, for these reasons, the judgment of the Court of Appeals should be reversed and the judgment of the Court of Common Pleas should be affirmed.

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN and LEACH, JJ., concur in the foregoing concurring opinion.