THE STATE OF OHIO, APPELLEE, *v.* REYNA, APPELLANT.*

(Nos. 3693 and 3701 — Decided March 13, 1985.)

*Gregory A. White,* prosecuting attorney, for appellee.
*James A. Deery,* for appellant.

BAIRD, P.J. This cause came on before the court upon defendant's appeal from his conviction of aggravated burglary, aggravated robbery, theft and attempted aggravated burglary. We affirm.

In the early morning of January 26, 1984, Catalina Soto was awakened by the sound of knocking on her downstairs door. Soto ignored the knocking, but arose to investigate when she heard her upstairs bathroom window being opened. She discovered defendant, an acquaintance, outside the window. Soto screamed at defendant and waved a plunger at him; defendant fled.

Shortly afterward, in her nearby residence, Edna Raphael was disturbed by the sound of her kitchen window being broken. She investigated and was

---

* Reporter's Note: A motion for leave to appeal to the Supreme Court of Ohio was dismissed for want of prosecution on August 7, 1985 (case No. 85-766).

confronted by a man of defendant's build.

The intruder told Raphael that he wanted money. Raphael gave him three bills from her purse in the dining room and approximately eighteen one-dollar bills that were in her bedroom. The intruder then pushed Raphael onto her bed and stated that he also wanted her car keys. He grabbed her arm and pulled her to the kitchen where she gave him the keys. At approximately 4:49 a.m., after disabling Raphael's telephone, the intruder left her home. He entered her garage and drove off in her car. Raphael immediately alerted police via a security device.

Within five minutes, the police arrived and broadcast a description of the stolen vehicle. Approximately fifteen minutes later, defendant was apprehended in Raphael's car. Defendant had in his possession eighteen one-dollar bills, two five-dollar bills and one ten-dollar bill.

On February 22, 1984, defendant was indicted by a grand jury. Three counts of the indictment were based upon the occurrences at Raphael's home: one count of aggravated burglary under R.C. 2911.11, one count of robbery under R.C. 2911.02, and one count of theft under R.C. 2913.02. Relative to the events at Soto's home, defendant was indicted on a single count under R.C. 2923.02. Defendant was tried and convicted on all four counts. He was sentenced to a total of fifteen to fifty-five years of imprisonment.

## Assignment of Error I

"The trial court erred in failing to dismiss count No. 4 of the indictment No. 38905, in the State of Ohio vs. Geronimo Reyna, due to the fact that the indictment failed to state sufficient facts containing each and every element of an offense against the statutes of the State of Ohio."

Defendant argues that the fourth count of the indictment (the attempt charge) is insufficient to state an offense. Crim. R. 7(B) provides that an indictment shall contain a statement that the accused has committed a public offense specified therein. Such statement may be made in ordinary and concise language. The statement may be in the words of the applicable section of the statute as long as the words of the statute charge an offense, or in any words sufficient to give the accused notice of all of the elements of the offense with which he is charged.

The instant indictment charged defendant as follows:

"The Jurors of the Grand Jury, being first duly sworn, further find and present: THAT: ?[sic] GERONIMO REYNA, late of said County, on or about the the [sic] 26th day of January, 1984, at the County aforesaid, did, purposely, engage in conduct which, if successful, would constitute or result in a violation of Section 2911.11 of the Revised Code, in violation of Section 2923.02 of the Ohio Revised Code, an aggravated Felony in the Second Degree."

R.C. 2923.02, the Ohio attempt statute, provides, in pertinent part:

"(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

The fourth count of the indictment was sufficient under Crim. R. 7(B) because not only did the indictment contain every element of the offense charged under R.C. 2923.02, but it also provided an identification of the offense alleged to have been attempted.

Defendant's argument presents two examples of defective indictments. Both are inapposite to the instant facts. In *State* v. *Cimpritz* (1953), 158 Ohio St. 490 [49 O.O. 418], the indictment improperly alleged defendant's state of mind. Such is not the case here: the indictment specifies that defendant behaved purposely. In *State* v. *Headley*

(1983), 6 Ohio St. 3d 475, an indictment was held to be fatally defective where it purported to charge a violation of R.C. 2925.03, the drug trafficking statute, but neglected to specify the type of drug involved. In that case, the type of drug determined the identity of the criminal offense with which the defendant was charged. Therefore, the type of drug involved constituted an essential element of the crime under R.C. 2925.03 which was required to be included in the indictment.

In this case, the identity of the crime attempted is arguably an element, to the same extent that the identity of the controlled substance was an element in the *Headley* context. The distinction here is that the indictment did identify the crime attempted, while the indictment in *Headley* did not specify the controlled substance. The fact that the crime attempted was specified by its code section, rather than by its popular or generic name, is of no moment. The important difference in the two cases lies in the fact that the indictment here provides a means of identifying the crime allegedly attempted, while the indictment in *Headley* provided no means whatsoever by which one could ascertain what controlled substance was allegedly involved.

While the indictment could have supplied more information, the failure to do so does not form a basis for holding the indictment fatally defective. See *United States* v. *Gilbert* (S.D. Ohio 1939), 31 F. Supp. 195, 197. Defendant was given notice of the offense with which he was charged; therefore, the indictment was sufficient. *State* v. *Oliver* (1972), 32 Ohio St. 2d 109 [61 O.O.2d 371]. If defendant felt that the indictment was not sufficiently definite, it was his privilege and duty to request a bill of particulars; in failing to do so or otherwise to raise the issue of insufficiency prior to trial, as under Crim. R. 12, defendant waived the matter. *State* v. *Yudick* (1951), 155 Ohio St. 269, 276-277

[44 O.O. 269]. See, also, *Lima* v. *Ward* (1967), 10 Ohio St. 2d 137 [39 O.O.2d 123].

Defendant's first assignment of error is not well-taken.

### Assignment of Error II

"The trial court erred in failing to declare a mistrial due to the prosecutor's comments in closing statements regarding the defendant's failure to explain away the evidence presented by the state."

Defendant argues that the prosecutor's closing argument contained prejudicial comments concerning defendant's failure to testify. However, after a thorough reading of the record, we do not find that the conduct of the prosecutor prejudiced defendant's rights.

The prosecutor's statement, to which defendant objects, is as follows: "Does he explain where he — I mean do we have any evidence? Where did this car came [*sic*] from?" This comment is scarcely more than a slip of the tongue. Taken in the context of the prosecutor's closing argument and the trial as a whole, it was harmless error.

The United States Supreme Court has rejected the notion that a prosecutor's comment upon a defendant's failure to testify constitutes a *per se* error mandating automatic reversal. *Chapman* v. *California* (1967), 386 U.S. 18, 21-22. Where the prosecutor's comment is at issue, a reviewing court must determine whether, absent the prosecutor's allusion to the defendant's failure to testify, it is clear beyond a reasonable doubt that the jury would have returned a guilty verdict. *United States* v. *Hasting* (1983), 461 U.S. 499, 510-511. In accordance with that standard, this court concludes that the jury's verdict would not have been different in the absence of the comments in question.

The second assignment of error is overruled.

### Assignment of Error III

"The trial court committed error in failing to declare a mistrial due to the conduct of the prosecutor in attempting to illicit [sic] testimony from the prosecutor's witness when the prior ruling of the trial court ordered that the testimony as to any conversations or statements of the defendant would not be admitted."

Examination of the record reveals no error relative to the admission of evidence as to defendant's acknowledgement that he stole Mrs. Raphael's car. Defense counsel promptly objected to the prosecutor's question. The objection was sustained by the trial court and no evidence as to defendant's statement was admitted.

No prejudice has been shown; in fact, defense counsel admitted in his argument that defendant should be found guilty of the theft of the automobile. Therefore, the third assignment of error is not well-taken.

### Assignment of Error IV

This trial court erred by accepting a verdict as to both [sic] grand theft, a violation of section 2913.02 of the Ohio Revised Code and robbery, a violation of section 2911.02 of the Ohio Revised Code and [aggravated] burglary, a violation of section 2911.11 of the Ohio Revised Code as the theft offense was an integral part of both the robbery and burglary in question."

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The Ohio Supreme Court has interpreted this statute and determined that aggravated burglary and theft do not constitute allied offenses of similar import. *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416. Therefore, defendant properly may be convicted of both of those offenses.

As to the relationship between robbery and theft, the Ohio Supreme Court has held that aggravated robbery and theft are allied offenses of similar import under R.C. 2941.25(A). *State* v. *Johnson* (1983), 6 Ohio St. 3d 420. However, the analysis does not stop here; under R.C. 2941.25(B), if the offenses are closely allied, the defendant's conduct must be reviewed to determine whether the offenses were committed separately or with a separate animus as to each. *State* v. *Mitchell, supra,* at 418.

In this case, defendant committed robbery when he used force against Mrs. Raphael inside her home while committing a theft offense, *i.e.,* stealing her money. When defendant left her home, he had completed the burglary and robbery offenses. He then opened her garage door and stole her automobile. His actions in stealing Raphael's automobile were committed separately from his crimes inside her home. Therefore, the trial court was correct in its conviction and sentencing of defendant on both theft and robbery.

Defendant's fourth assignment of error is not well-taken.

### Assignments of Error V and VI

"V. The conviction of attempted burglary pursuant to count four of the indictment was against the manifest weight of the evidence.

"VI. The conviction of Geronimo Reyna as to counts one, two, and three

and [*sic*] the indictment, to wit, aggravated burglary, a violation of section 2911.11, robbery, a violation of section 2911.02 and grand theft, a violation of section 2913.02 was against the manifest weight of the evidence."

"A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340], syllabus. A review of the record yields ample evidence to support the jury's verdict.

Defendant's fifth and sixth assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and GEORGE, JJ., concur.