OPINION
Appellant, William Plymale, appeals from the January 29, 1999 judgment entry of the Portage County Common Pleas Court in which he was found guilty of one count of rape, a violation of R.C. 2907.02(A)(1)(b) and determined to be a habitual sexual offender.
On the evening of December 19, 1995, appellant spent the night at the home of Theora Russell ("Russell"). Russell permitted appellant to share a room with her son ("the victim"), who was twelve years old at that time. In February of 1996, the victim informed Russell that appellant had sexually abused him on the night of December 19, 1995. Russell contacted the local police and took the victim to the Children's Hospital Medical Center of Akron, where he was examined by Donna Abbott ("Abbott"), a pediatric nurse practitioner who worked in the Children At Risk Evaluation Department of the hospital. One of Abbott's responsibilities was evaluating children who had made allegations of sexual abuse. The evaluations included both an interview and a physical examination. Although the victim's physical examination was normal, Abbott determined, based on the entire evaluation, that the victim had been sexually abused.
On September 5, 1996, appellant was indicted on two counts of rape, in connection with the events of December 19, 1995, for engaging in sexual conduct with another, not a spouse of the offender, when the other person was less than thirteen years old. A jury trial was held on September 8, 1998, and appellant was found guilty of one of the two counts of rape. A sentencing hearing was held on January 25, 1999. On January 29, 1999, the court filed its judgment entry in which appellant was sentenced to a term of not less than eight nor more than twenty-five years for the offense of rape and was adjudicated a habitual sexual offender.
Appellant has filed a timely appeal and makes the following assignments of error:
 "[1.] When [appellant] is indicted on two identical counts of rape as contained in R.C. 2907.02(A)(1)(b) 
(B) the specific act alleged is an essential element which must be included in the indictments, the omission of which renders the indictments fatally defective.
 "[2.] The trial court abused its discretion and erred in violation of Article 1, Section 10 of the Ohio Constitution and the Sixth Amendment of the United States Constitution in prohibiting the presentation of evidence in regards to prior sexual abuse of the [victim].
 "[3.] The trial court erred in finding that appellant was a habitual sexual offender and in imposing the reporting requirements of R.C. 2950 et seq., as that statutory scheme unconstitutionally interferes with the rights of privacy, property, and liberty guaranteed by Section 1, Article I, of the Ohio Constitution."
 With respect to appellant's first assignment of error, we would note that he has failed to comply with Loc.R. 12(C)(4), which requires him to "assert precisely the manner in which the trial court is alleged to have erred * * *." Here, appellant has not referenced any error on the part of the trial court. Further, our review of the record does not reveal any objection to the indictment at trial.[1] Therefore, appellant has waived all but plain error. Nevertheless, we will examine the merits of his argument.
Appellant contends that the indictment was not sufficiently definite because it averred two counts of rape, but did not specify the conduct constituting each count. We disagree.
An indictment serves two general purposes. First, it protects the accused against future prosecutions for the same offense. Childs,88 Ohio St.3d at 198. Second, it "compels the government to aver all material facts constituting the essential elements of an offense, thus affording the accused adequate notice and an opportunity to defend." Id. Generally, an indictment is sufficient if it recites the language of the relevant criminal statute. Id. at 199.
In the instant case, the language of the indictment parallels the language of the statute. R.C. 2907.02(A)(1)(b) states that "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." The two counts of the indictment brought against appellant were identical and stated, in part, that he "did engage in sexual conduct with another, not the spouse of the offender, when the other person was less than thirteen years of age, [s]aid act being RAPE, an Aggravated Felony of the First Degree."
Appellant notes that the two counts of rape involved two different sexual acts. He contends that the indictment failed to provide him adequate notice as to the sexual act pertaining to each count of the indictment. While it is true that the two counts of the indictment are identical, if appellant believed that the indictment was not sufficiently definite, "it was his privilege and duty to request a bill of particulars * * *." State v. Reyna (1985), 24 Ohio App.3d 79, 81. Here, appellant never requested a bill of particulars. However, a failure to request a bill of particulars does not waive objections to an indictment on the grounds of insufficiency if the insufficiency constitutes "the omission from the indictment of a vital or material element identifying and characterizing the offense sought to be charged." State v. Culp (1971),32 Ohio App.2d 39, 44.
Appellant argues that the identity of the sexual conduct alleged by the state is an essential element of the offense of rape and cites State v.Headley (1983), 6 Ohio St.3d 475, in support of that proposition. InHeadley, the defendant was indicted for trafficking in drugs, but the indictment failed to allege the identity of the controlled substance.Id. Pursuant to R.C. 2925.03, the offense in Headley could have been either trafficking or the more serious offense of aggravated trafficking depending on the type of controlled substance involved. Since the severity of the offense was dependent upon the nature of the controlled substance, the Supreme Court of Ohio held that the identity of the controlled substance was an essential element of the crime that had to be included in the indictment. Id. at 479.
The case at hand is readily distinguished from Headley. The severity of the offense for which appellant was indicted was not dependent upon the nature of the sexual conduct in which he engaged. Regardless of the sexual conduct, a violation of R.C. 2907.02(A)(1)(b) is a felony of the first degree. R.C. 2907.02(B). Because the nature of the sexual conduct had no bearing on the severity of the offense in this case, we conclude that it was not an essential element of the crime and that the indictment was sufficiently specific. Additionally, there is no evidence that the deficiencies in the indictment alleged by appellant in any way hindered the preparation of his defense. In his opening statement, appellant's attorney remarked that:
 "You are going to hear some evidence that allegedly [appellant] had oral sex with this young boy, that he performed oral sex on the boy and the boy performed oral sex on him.
 "You're also going to hear evidence that there was anal penetration on that particular night by [appellant]."
 Obviously, appellant's attorney was familiar, prior to trial, with the sexual conduct that the state alleged appellant had engaged in with the victim and had had the opportunity to prepare an appropriate defense.
Finally, as aforementioned, appellant had ample time to request a bill of particulars if he required greater specificity as to the charges which had been brought against him. For the foregoing reasons, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court erred in precluding the introduction of evidence that, in an incident unrelated to the case sub judice, the victim had been sexually abused when he was six years old. When conducting her examination of the victim, Nurse Abbott was aware of this earlier incident. Appellant asserts that that fact was relevant because Abbott's testimony that, in her opinion, the victim had been sexually abused implied that appellant was the perpetrator of the abuse. Appellant seems to suggest that Abbott's conclusion that the victim was sexually abused, referred to the earlier incident and not the allegations relating to the events of December 19, 1995; therefore, he should have been permitted to inquire about Abbott's knowledge of the earlier incident. We disagree.
R.C. 2907.02(D), commonly referred to as the Rape Shield Law, states that:
 "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 The evidence at issue here is indubitably inadmissible under R.C. 2907.02(D). However, this court has previously held that evidence is not necessarily inadmissible simply because it does not fall under one of the exceptions of R.C. 2907.02(D). State v. Whisonant (Sept. 12, 1986), Trumbull App. No. 3596, 1986 Ohio App. LEXIS 8271, at 6. As the Second Appellate District has noted, "[a]pplication of the rape shield law may not * * * unduly infringe upon a defendant's constitutional rights." In re Michael
(1997), 119 Ohio App.3d 112, 118.
To determine whether R.C. 2907.02(D) was unconstitutionally applied, we must balance the interests of the state served by the Rape Shield Law against the probative value of the excluded evidence. Id. at 119, citingState v. Gardner (1979), 59 Ohio St.2d 14, 17. R.C. 2907.02(D) serves the state's interests of (1) guarding the victim's sexual privacy, (2) discouraging the tendency in rape cases of trying the victim instead of the defendant, and (3) aiding crime prevention by encouraging the reporting of rape. In re Michael, 119 Ohio App.3d at 119, citingGardner, 59 Ohio St.2d at 17-18.As previously mentioned, appellant suggests that the excluded evidence has probative value because, otherwise, the jury would infer that he was the perpetrator of the sexual abuse which Abbott determined that the victim had suffered. In our view, Abbott's testimony was not intended simply to imply that appellant sexually abused the victim, on the contrary, it was an affirmative statement of that fact. Nothing in the transcript before us suggests that Abbott was confused as to which incident of sexual abuse her testimony referred.
At trial, Abbott testified that in the course of his examination, the victim told her "that in December 1995, a family friend was spending the night at his house and performed sexual acts on him." She further testified that he identified those acts as "[o]ral sex and anal penetration." Appellant had ample opportunity to cross-examine Abbott.
On cross-examination, the following exchange occurred between Abbott and appellant's attorney:
 "Q. Ms. Abbott, when you say that your conclusion was that he was a victim, what you are telling * * * the Jury, is that after talking to [the victim] * * *, you believed his story?
"A. Yes.
"* * *
 "Q. You didn't have any conversations with [appellant] or anything of the kind?
"A. No."
 The "story" to which appellant's attorney referred was the victim's version of the events of December 1995. Appellant's attorney must have understood that, when Abbott referred to the victim as having been sexually abused, she meant that appellant had sexually abused the victim in December 1995. Clearly, although Abbott was aware of the earlier occurrence of sexual abuse, when she testified that the victim had been sexually abused, she was testifying as to the incident involving appellant. Because we discern only a minimum of probative value in the excluded evidence, it is our view that the trial court did not abuse its discretion in determining the state's legitimate interest in excluding the evidence outweighed that scintilla of probative value. For the foregoing reasons, we conclude that appellant's second assignment of error lacks merit.
In his third assignment of error, appellant avers that the reporting requirements contained in R.C. Chapter 2950 unconstitutionally interfere with his rights of privacy, property and liberty as enumerated in Section1, Article I of the Ohio Constitution.
The Supreme Court of Ohio rejected these arguments in State v.Williams (2000), 88 Ohio St.3d 513. The Williams court held that R.C. Chapter 2950 "does not infringe upon a convicted sex offender's right to privacy"; does not implicate a sex offender's right to acquire property; and, that "[a] favorable reputation is not a protected liberty interest."Id. at 526-527. Consequently, we find no merit in appellant's third assignment of error.
The judgment of the Portage County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., dissents with Dissenting Opinion. GRENDELL, J., concurs.
[1] We note that pursuant to Crim.R. 12(B)(2), objections based on defects in the indictment generally must be raised before trial. One of the exceptions to that rule is an objection on the grounds that the indictment fails to charge an offense. An indictment fails to charge an offense when it omits an essential element of that offense. State v.Childs (2000), 88 Ohio St.3d 194, 200 (Cook, J., dissenting). In the instant case, appellant asserts that the indictment omitted essential elements of the offenses, the specific acts constituting rape. Therefore, if appellant's argument was meritorious, he could have legitimately raised his objections to the indictment at any point during the course of the trial. Otherwise, his objections to the indictment should have been raised prior to the commencement of the trial.